IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEROME DIXON,                                        *

     Petitioner,                                      *

           v.                                           *          Civil Action No. DKC-22-3286

WARDEN, FEDERAL CORRECTIONAL                         *
INSTITUTION – CUMBERLAND,[1]
                                                     *
     Respondent.

                             ***

## MEMORANDUM OPINION

Jerome Dixon, a federal prisoner incarcerated at Federal Correctional Institution – Cumberland ("FCI-C"), seeks correction of his purportedly miscalculated federal sentence, specifically seeking credit for time spent in state custody prior to his transfer to federal authorities to serve his sentence. ECF No. 1 at 6. He filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, ECF No. 1, and simultaneously a "motion to request to correct sentencing error jail time credit emergency under 28 U.S.C. 2241," which appears to seek identical relief to that sought in the petition. ECF No. 2.

Pursuant to the court's Order directing Respondent to file a response to the petition (ECF No. 4), Respondent filed a motion to dismiss, or in the alternative, for summary judgment. ECF No. 6. Although Mr. Dixon was advised of his right to reply (ECF No. 8), and indeed was provided additional time to do so (*see* ECF No. 10), he has filed nothing further. Mr. Dixon instead filed a "motion to temporary dismiss" his petition, citing a lack of adequate typing equipment at the correctional facility to prepare his response. ECF No. 8. Respondent opposed the motion. ECF

---

[1] The proper respondent in an action for habeas corpus is the Mr. Dixon's custodian. *See* 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 435–36 (2004). The Warden of Federal Correctional Institution – Cumberland, the facility where Mr. Dixon is incarcerated, is the proper respondent in this case. The Clerk shall amend the docket accordingly.

No. 9.  Instead of granting Mr. Dixon's request, the court provided ample time for him to submit his response.  ECF No. 10.  Despite this extension of time, nothing further has been filed by Mr. Dixon.  The court now denies the "motion to temporary dismiss."

Having reviewed the papers, and finding no hearing necessary, *see* Md. Loc. R. 105.6 (D. Md. 2021), the court grants respondent's motion to dismiss, and dismisses the petition for writ of habeas corpus without prejudice for failure to exhaust administrative remedies.  Similarly, the "motion to request to correct sentencing error jail time credit emergency under 28 U.S.C. 2241," which appears to seek identical relief to that sought in the petition (ECF No. 2), will also be denied.

## I.    Background

### A.    Mr. Dixon's Claims

Mr. Dixon raises one ground for relief in his petition.  ECF No. 1 at 6.  He states that his sentence was miscalculated, and thus he seeks additional credit toward his sentence.  *Id.* Specifically, he states that he has "concerns about the calculation of sentence time and credit for time served in state custody before transfer to federal custody on charges in 2010."  *Id.*  Minimal detail is provided, but Mr. Dixon indicates that his "attach[ed] exhibit with motion" contains supporting facts.  *Id.*  As relief, he seeks correction of his sentence.  *Id.* at 7.

Mr. Dixon's "motion to request to correct sentencing error jail time credit emergency under 28 U.S.C. 2241," provides additional factual details about his claims.  ECF No. 2.  Specifically, he states that he was incarcerated in the Illinois Department of Corrections on August 3, 2010.  *Id.* at 2.  During the execution of that sentence, he was detained by United States Marshals on July 16, 2011.  *Id.*  He states that he "stayed in federal custody until sentencing May 14, 2012," and was placed back in to state custody in "July of 2012."  *Id.*  He then states that "while [he] was in state custody," he was "place[d] back in to Federal custody up until October 24, 2012."  *Id.*  Based on these facts, he believes he is entitled to "16 months of jail time credit."  *Id.* at 3.  In support of his

petition, he attaches an exhibit, which contains a letter from attorney Kathleen Bliss of Henderson, Nevada, questioning the calculation of his sentence. ECF No. 2-1 at 1. Additionally, the exhibit contains a sentencing computation sheet. *Id.* at 2-3.

### B.     Respondent's Answer

Respondent first argues that Mr. Dixon is not entitled to seek habeas relief because he has failed exhaust his administrative remedies. ECF No. 6-1 at 3. In support thereof, Respondent reports that Mr. Dixon has filed six administrative remedies during his incarceration, "none of which pertain to his sentence computation." *Id.* at 6, ¶ 16; 43. Additionally, Respondent notes that Mr. Dixon acknowledges his lack of exhaustion in his petition. *See* ECF No. 1 at 2 (Mr. Dixon checked the box marked "no" when asked if he sought administrative remedies related to his claim. He adds that he did not do so because "Attorney Kathleen Bliss sent legal mail to Warden" concerning his sentence calculation.).

Respondent next argues that, even if the court were to reach the merits of Mr. Dixon's claim, it fails because he has "received all credit he is due." ECF No. 6-1 at 5. Specifically, on August 3, 2010, Mr. Dixon was arrested in Cook County, Illinois, for possession of a firearm and marijuana (the "August 2010 charges"). *See* ECF No. 6-2 at 2, ¶ 3, Decl. of Veronica L. Hodge. He was released six months later, on February 22, 2011, and the charges were entered nolle prosequi. *Id.* Thereafter, he was arrested again on May 3, 2011, in Cook County, Illinois, for possession of a controlled substance and other charges (the "May 2011 charges"). *Id.* at 3, ¶ 4. All counts of the May 2011 charges were entered nolle prosequi on May 25, 2011, except Count 1, which was transferred to the Circuit Court (the "2011 state case"). *Id.*; ECF No. 6-2 at 24. On July 14, 2011, pursuant to a federal writ of habeas corpus ad prosequendum, Mr. Dixon was "borrowed" from state custody. ECF No. 6-2 at 3, ¶ 5. This writ commanded the United States Marshal Services ("USMS") and the Sheriff to bring Mr. Dixon to the United States District Court,

Northern District of Illinois, for arraignment on criminal charges (the "federal case").  *Id*.  On that day, "[p]etitioner came into federal custody solely on the writ of habeas corpus ad prosequendum." *Id.* at 3, ¶ 6.  Mr. Dixon remained "in the primary custody of the state, and the state did not relinquish its custody by bail or parole."  *Id*.

On May 14, 2012, Mr. Dixon was sentenced to 180 months of imprisonment in the federal case for being a felon in possession of a firearm.  *Id.* at 3, ¶ 7.  The judgment did not specify whether the federal sentence was to be served concurrently or consecutively to any state sentence. *Id*. at 4, ¶ 7.  Mr. Dixon was returned to state custody on July 20, 2012.  *Id*., ¶ 8.  Shortly thereafter, on August 30, 2012, he was sentenced to three years imprisonment in the 2011 state case.  *Id.*, ¶ 9. This sentence was set to run concurrently to Mr. Dixon's federal sentence, and he received state credit for 486 days.  *Id*., ¶ 9.

On October 24, 2012, Mr. Dixon was paroled from his state sentence and turned over exclusively to the custody of the federal Bureau of Prisons ("BOP").  *Id.*, ¶ 10.  Mr. Dixon's federal sentence, a 180-month term of imprisonment, commenced on the date he was paroled from the state custody into federal BOP custody, October 24, 2012.  *Id*., ¶ 12.  Documentation from the Clerk of the Circuit Court of Cook County, Illinois reflects that Mr. Dixon received 486 days of credit (from May 3, 2011 through August 30, 2012) toward his state sentences when he was sentenced in the 2011 state case on August 30, 2012.  ECF No. 6-2 at 29-31.  Further, the BOP applied 204 days of prior credit time to his federal sentence (from August 3, 2010 through February 22, 2011) for state time served on the August 2010 charges, because this time period had not been previously applied to any other sentence.  *Id*., ¶ 15.  Mr. Dixon's current projected release date is May 9, 2025, via good conduct time.  *Id*., ¶ 12.

Perhaps prompted by this petition, the BOP began review of Mr. Dixon's sentence under 18 U.S.C. § 3621(b) and Program Statement 5160.05 on February 2, 2023.  *Id.* at 5, ¶ 13.   As

noted in the Declaration of Veronica Hodge, a letter was sent to the federal sentencing court on February 2, 2023, soliciting the position of the court concerning retroactive designation of the state institution for the concurrent service of the federal sentence. ECF No. 6-2, at ¶ 13. Respondent has not updated the court on the results of that review, which presumably is ongoing.

## II.    Discussion

Habeas corpus relief is available when a prisoner is held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Challenges to the execution of a federal sentence are properly brought under 28 U.S.C. § 2241. *See Setser v. United States*, 566 U.S. 231, 244 (2012). It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. § 3624, *see also Leavis v. White*, 898 F.2d 154 (6th Cir. 1990) (citing *United States v. Norman*, 767 F.2d 455, 457 (8th Cir.1985)); *United States v. Clayton*, 588 F.2d 1288, 1292 (9th Cir. 1979). In the event a prisoner disputes the computation of his sentence or the application of credits, he is permitted to seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities. *See* 28 C.F.R. 542.10 *et seq.*; *see also United States v. Mitchell*, 845 F.2d 951, 952 (11th Cir. 1988) ("[A] federal district court does not have jurisdiction to entertain a federal prisoner's petition for jail time credit until the prisoner has exhausted his administrative remedies with the Attorney General under 18 U.S.C. § 3568.").

The Administrative Remedy Procedure provides that if an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within 20 calendar days of the date of the occurrence on which the complaint is based. *See* 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the Warden's response. *See* 28 C.F.R. § 542.15(a). If the inmate still

is not satisfied, he may appeal the Regional Director's response to the Office of General Counsel, Washington, D.C., using the appropriate forms. The inmate must file this final appeal within 30 calendar days of the date the Regional Director signed the response. *See id.* An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. *See* 28 C.F.R. § 542.15(a).

The record before the court reflects that Mr. Dixon has not utilized the administrative remedy procedures to exhaust his claim. Even assuming Mr. Dixon believed the letter sent by Attorney Kathleen Bliss satisfied the first step of the process, he has failed to complete the process such that his claim would be properly exhausted. However, as Respondent points out, Program Statement 1330.18, Administrative Remedy Program, states that while an inmate can obtain assistance from another person, including an attorney, the remedy itself must be filed by the inmate. ECF No. 6-1 at 4. Specifically, the rule provides that "[a]n inmate may obtain assistance … from outside sources, such as family members or attorneys. However, *no person may submit a Request or Appeal on the inmate's behalf*, and obtaining assistance will not be considered a valid reason for exceeding a time limit for submission unless the delay was caused by staff." *See* Program Statement 1330.18, Administrative Remedy Program, Assistance § 542.16, available at https://www.bop.gov/policy/progstat/1330_018.pdf (last accessed July 5, 2023) (emphasis added). Accordingly, Mr. Dixon's claim is unexhausted and must be dismissed.

Because the claim is unexhausted, the court need not reach the merits. However, a discussion of the merits will illustrate why exhaustion of remedies is especially important for Mr. Dixon. The following legal framework and principles apply.

When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Dickens v. Stewart*, No. DKC 13-0795, 2014 WL

858977, at *2 (D. Md. Mar. 4, 2014) (citing *United States v. Evans,* 159 F.3d 908, 912 (4th Cir. 1998)).  When "a state maintains primary jurisdiction over a defendant, federal custody under a federal criminal sentence 'commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.'"  *Id.* (quoting *Evans,* 159 F.3d at 912).  This is because "[a] federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence," unless "the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence."  *Evans*, 159 F.3d at 911– 12 (citing 18 U.S.C. § 3585(a)).  To relinquish or waive primary jurisdiction, a state may "deliver [the prisoner] into federal custody for the purpose of beginning his federal sentence."  *Trowell v. Beeler*, 135 F.App'x 590, 594 (4th Cir. 2005).  Primary jurisdiction is not relinquished however, when an inmate is borrowed pursuant to a writ of habeas corpus ad prosequendum.  *Till v. Warden*, *FCI Cumberland*, No. GJH-20-2652, 2021 WL 3633963, at *4 (D. Md. Aug. 17, 2021) (citing *Evans*, 159 F.3d at 912).

Under 18 U.S.C. § 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  If there is no clear intent by the sentencing judge to make a term of confinement concurrent with another sentence, the sentence is consecutive.  *See* 18 U.S.C. § 3584 ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.").  Additionally, under 18 U.S.C. § 3585(b) a defendant is not entitled to credit toward the service of a term of imprisonment if the period of time in question has been credited against another sentence.  *See McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993) (intent of 18 U.S.C. § 3585(b) is to prevent double credit incurred before commencement of sentence).  In this case, the date of commencement for Mr. Dixon's federal

sentence is October 24, 2012, when he was paroled on the state sentences and transferred to federal custody.

A federal judge may order a federal sentence to run concurrently or consecutively to a previously imposed state sentence. *See* 18 U.S.C. § 3584.   Relevant here, the provision has also been interpreted to permit, but not require, a federal judge to order a federal sentence to run concurrently or consecutively to an anticipated, but not yet imposed, sentence, whether federal or state. *Setser v. United States*, 566 U.S. 231, 236 (2012).   Here, the federal judge did not order his 180 month sentence to run either concurrently or consecutively to the yet unimposed state sentence.

If the federal judge had specified that the sentence was to run concurrent to a state sentence Mr. Dixon was expected to serve, the BOP would be responsible for implementing that order. BOP Program Statement 5880.28 defines the "commencement date" of his sentence:

> b. Commencement (Beginning Date) of Sentence. 18 U.S.C. § 3585(a) establishes the rule for commencement of sentence and states, '(a) Commencement of sentence.— A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.' If the prisoner is serving no other federal sentence at the time the sentence is imposed, and is in exclusive federal custody (not under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the time of sentencing on the basis of the conviction for which the sentence is imposed, the sentence commences on the date of imposition, even if a state sentence is running along concurrently. If the prisoner is, however, serving another federal sentence at the time a new sentence is imposed, then 18 U.S.C. § 3584 (Multiple sentences of imprisonment) must be followed as discussed in paragraph e. of this chapter.
>
> * * * *
>
> A prisoner who is in non-federal custody at the time of sentencing may begin service of the federal sentence prior to arriving at the designated federal facility if the non-federal facility is designated in accordance with the Program Statement on Designation of State Institution for Service of Federal Sentence and 18 USC § 3621 (Imprisonment of a convicted person). This type of designation is ordinarily made only upon the recommendation of the sentencing court.

> In no case can a federal sentence of imprisonment commence earlier than the date
> on which it is imposed.

As noted in *Rabb v. Wilson*, No. 1:13CV999 TSE/TRJ, 2015 WL 731475, at *4 (E.D. Va. Feb. 19, 2015):

> Under § 3621(b), the BOP has authority to designate a state institution for
> concurrent service of a federal sentence. This situation ordinarily occurs when
> 'primary custody resided with the non-federal jurisdiction and the federal
> sentencing court intended its sentence to be served concurrently with the non-
> federal sentence.' BOP Program Statement 5160.05(9)(a) (January 16, 2003). In
> other words, if an inmate was in state custody when sentenced, and the federal
> court determined that it would be proper for his federal sentence to run
> concurrently to that state sentence, the BOP can determine how best to implement
> the resulting sentencing scheme.

When the federal judge does not indicate whether the federal sentence is to be concurrent or consecutive to a state sentence, it is deemed to be consecutive. 18 U.S.C. § 3584 (a) provides in part: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." When, however, a state judge later sentences a defendant and orders the state sentence to run concurrently with the federal sentence, the matter becomes more complicated and may turn on whose custody the prisoner is in. If the defendant is in state custody, unless the state relinquishes custody to the federal authorities so that the prisoner begins his federal sentence, there is no force to the concurrent sentence order. Rather, the BOP has a mechanism by which the inmate may, upon reaching the BOP upon completion of the state sentence, request retroactive designation of the state facility for service of the federal sentence, thus giving effect to the concurrent sentence order from the state court. Program Statement 5160.05 contains the following:

> (4) Inmate Request. Occasionally, an inmate may request a nunc pro tunc (i.e., occurring
> now as though it had occurred in the past) designation. As a result of the decision in *Barden
> v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for
> pre-sentence credit toward a federal sentence for time spent in service of a state sentence
> as a request for a nunc pro tunc designation.
>
>    (a) In *Barden*, the court held that the Bureau must consider an inmate's
> request for concurrent service of the state and federal sentences.

- However, there is no obligation under *Barden* for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

(b) This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution. Information will be gathered, if available, to include:

- a copy of the federal and state J&Cs,

- the state sentence data record to include jail credit, and

- any other pertinent information relating to the federal and state sentences.

(c) In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections. Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d) If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e) No letter need be written if it is determined that a concurrent designation is not appropriate. If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written. When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.) The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J&C file.

(f) The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

Here, Mr. Dixon was in state custody from August 3, 2010 to February 22, 2011 for the August 2010 charges, and then again from May 3 to May 25, 2011 for May 2011 charges.  *See* ECF No. 6-2, Hodge Decl., ¶¶ 3-4.  On May 25, 2011, Count 1 of those charges was transferred to the criminal division (the "2011 state case").  *Id.*  On July 14, 2011, Mr. Dixon was borrowed from state custody on a writ of habeas corpus ad prosequendum to be arraigned on charges in his federal case.  *See id.*, ¶¶ 5-6.  As previously noted, borrowing a prisoner pursuant to a writ of habeas corpus ad prosequendum does not relinquish primary jurisdiction over him.  In the federal case, Mr. Dixon was sentenced to 180 months of imprisonment on May 14, 2012, and was thereafter returned to state custody on July 20, 2012.  *See* ECF No. 6-2, Hodge Decl., ¶ 7, 8.  On August 30, 2012, Mr. Dixon was sentenced to three years' imprisonment in the 2011 state case, which was ordered to run concurrently to his federal sentence, and he received state credit for 486 days toward that sentence (from May 3, 2011, when he was brought in to custody for the May 2011 charges, through August 30, 2012, when he was sentenced in the 2011 state case).  *Id.*, ¶¶ 9 & 14.

In this situation, it appears that the Bureau of Prisons has the authority to decide whether to credit the time in state custody against the federal sentence, a process that was begun in February 2023.  *See* ECF No. 6-2 at 5, ¶ 13.  As noted in *Setser*, 566 U.S. at 244,  Mr. Dixon is free to urge the BOP to credit that time based on the silence of the federal judge and the concurrent sentence order of the state judge.  If the BOP declines to do so, he may raise his claim through the Administrative Remedy Program, 28 CFR § 542.10, et seq.  If unsuccessful there, Mr. Dixon may file a new petition under 28 U.S.C. § 2241.

## III.   Conclusion

Mr. Dixon has failed to exhaust his administrative remedies.  For these reasons, the court will dismiss Mr. Dixon's request for habeas relief without prejudice as well as his nearly identical "motion to request to correct sentencing error jail time credit emergency under 28 U.S.C. 2241"

(ECF No. 2).  Respondent's motion to dismiss, or in the alternative for summary judgment (ECF

No. 6) will be granted.  Mr. Dixon's "motion to temporary dismiss" (ECF No. 8) is denied.

A separate Order follows.


July 12, 2023                                          /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge